**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 27, 2006[*]
Decided October 11, 2006

**Before**

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 06-2419

| | |
|---|---|
| GARY CURRIE, Sr., <br>      *Plaintiff-Appellant,* <br><br>      *v.* <br><br> PAPER CONVERTING MACHINE <br> CO., INC., <br>      *Defendant-Appellee.* | Appeal from the United States District Court for the Eastern District of Wisconsin <br><br> No. 05-C-355 <br><br> William C. Griesbach, <br> *Judge.* |

**ORDER**

Gary Currie, a Native American, was laid off from his job at Paper Converting Machine Company, Inc. ("Paper Converting") after the company closed its O&E machine facility. Currie claims that Paper Converting discriminated against him on the basis of his race in violation of 42 U.S.C. § 1981 when it failed to transfer him to its machine facility at Renard or to rehire him after he applied for a

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

job at Renard. Because we agree with the district court that Currie cannot make out a prima facie case or show that Paper Converting's asserted reason for not transferring or rehiring him was pretext for discrimination, we affirm.

Paper Converting laid off approximately 129 employees, including Currie, when it closed its O&E facility in April 2001. At O&E, Currie had worked for 30 years in various assembly and machining jobs. During the seven years before the plant closed, he was a planner miller. When O&E shut down, plant manager Gerry Hickey decided to transfer 18 O&E workers to Renard. Hickey stated that only some of the work performed at O&E was moved to Renard—cam cell work, label-laminating work, and contract machining—and that in April 2001 he selected the most qualified O&E employees to continue performing this type of work there. Currie was not one of the employees selected for transfer. In June 2001 and later in June 2003, Currie applied to Renard to work as a machinist or an assembler. He did not receive an interview or discuss his application with anyone at Renard. In September 2003 Paper Converting hired a new employee, Michael Ropson, to work at the Renard plant. Tim Bouressa and Tom Nelson, who made hiring decisions for shop personnel at Renard, said that Ropson was selected because he was one of several candidates with experience operating a jig bore machine.

Currie sued Paper Converting under § 1981, claiming that it did not transfer or rehire him because he is Native American. He claimed that he was better qualified than eight former O&E employees who were transferred to, or eventually rehired at Renard. He also claimed that his qualifications were superior to Ropson's.

The district court granted summary judgment for Paper Converting because Currie failed to establish a prima facie case, and specifically failed to show that he was similarly situated to any of the nine individuals he identified. The court added that even if Currie could make out a prima facie case, he could not show that Paper Converting's reason for not transferring or hiring him—that it selected better qualified candidates—was pretextual.

On appeal Currie argues in general terms that he was better qualified than the other employees who were transferred to or hired at Renard. These other employees, he asserts, were less experienced than him, and management's statements to the contrary are "a lie."

We review a grant of summary judgment *de novo*, construing all facts and inferences in the light most favorable to Currie. *See Cardoso v. Robert Bosch Corp.*, 427 F.3d 429, 432 (7th Cir. 2005). Currie has brought his claims exclusively under § 1981, but "the relevant examination is the same for both Title VII and § 1981."

*Anders v. Waste Mgmt. of Wis., Inc.*, No. 05-3862, 2006 WL 2597853, at \*5 (7th Cir. Sept. 12, 2006); *Hague v. Thompson Distrib. Co.,* 436 F.3d 816, 820 (7th Cir. 2006).

Initially we note that, even construing Currie's pro se brief liberally, *see Anderson v. Hardman,* 241 F.3d 544, 545 (7th Cir. 2001), he does not specifically challenge the district court's conclusion that he cannot make out a prima facie case of discrimination. However, the fourth element of the prima facie case—whether similarly situated employees not in his protected class received more favorable treatment than he did—is closely intertwined here with a pretext inquiry—whether Paper Converting's reasons for not transferring or rehiring him were pretextual—so we will consider them together. *See Keri v. Bd. of Trs. of Purdue Univ.,* 458 F.3d 620, 644 (7th Cir. 2006); *Olsen v. Marshall & Ilsley Corp.,* 267 F.3d 597, 600 (7th Cir. 2001).

"[T]he pretext inquiry focuses on whether the employer's stated reason was honest, not whether it was accurate." *Rudin v. Lincoln Land Cmty. Coll.*, 420 F.3d 712, 727 (7th Cir. 2005) (internal citation and internal quotation marks omitted). Where an employer says that it selected the most qualified applicants, "evidence of the applicants' competing qualifications does not constitute evidence of pretext unless those differences are so favorable to the plaintiff that there can be no dispute among reasonable persons of impartial judgment that the plaintiff was clearly better qualified for the position at issue." *Mlynczak v. Bodman*, 442 F.3d 1050, 1059 (7th Cir. 2006) (quoting *Millbrook v. IBP, Inc.,* 280 F.3d 1169, 1180 (7th Cir. 2002)); *see Cichon v. Exelon Generation Co.,* 401 F.3d 803, 813 (7th Cir. 2005).

Currie's evidence is insufficient to show that he was unquestionably better qualified than the eight former O&E employees he compares himself to—Elliott, Bahrke, Evrard, McGarry, Malchak, Giesbers, Richardson, and Rosenberg—who were transferred or rehired instead of him. To prove that he was more qualified than these eight individuals, Currie points to the affidavit of Bernard Stelmach, a former supervisor at O&E, who noted that "Currie was one of the most experienced and best machinists in the O&E machine department." Stelmach also noted that several of the eight others had less work experience than Currie in some areas; in particular, Currie had the most experience operating a boring bar machine and using automaton parts. But while this affidavit shows that Currie was an outstanding employee while he worked at O&E, it does not establish that he was "clearly better qualified" than the eight others. It noted, for instance, that Evrard had approximately the same years of assembly experience as Currie, and that Richardson had more experience than Currie as a lathe operator. Moreover, even if Stelmach's affidavit did establish that Currie was more qualified than any of the eight individuals, it does not show that Hickey—the decisionmaker in this case—did not honestly believe that those hired at Renard were more qualified than Currie.

Currie further suggests that Paper Converting "lied" when it said it selected Ropson for his jig bore skills because the company's advertisement called for boring bar experience. But this just shows that Paper Converting hired a person with more skills than those sought in the advertisement—Ropson claimed in his application that he could operate both a jig bore and a boring bar. Paper Converting was permitted to hire the candidate it believed to be the most qualified from its applicant pool. There is no evidence that this was pretext unless Currie was *clearly* more qualified than Ropson, and Currie has not shown this to be the case.

AFFIRMED.

SYKES, *Circuit Judge*, concurring. I would dismiss this appeal for noncompliance with Rule 28 of the Federal Rules of Appellate Procedure. Gary Currie's appellate brief consists of less than a page and a half of generalized assertions of "lies" on the part of Paper Converting Machine Company, Inc., and a generalized reference to having "hard solid evidence" that he is "more qualified than People that were transferred from O&E Machine to Renard Machine." Rule 28 requires that an appellant's brief contain (among other things) an argument that is more than a generalized assertion of error, with citation to supporting legal authority and the record evidence on which the appellant relies. Fed. R. App. P. 28(a)(9); *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). The rule promotes the evenhanded administration of justice and "applies equally to pro se litigants." *Id.* Where, as here, a pro se litigant fails to comply with the rule, "we cannot fill the void by crafting arguments and performing the necessary legal research." *Id.* Although pro se filings are liberally construed in favor of providing appellate review, "pro se litigants should expect that noncompliance with Rule 28 will result in dismissal of the appeal." *Id.* Paper Converting argues as a threshold matter that Currie's appellate brief is inadequate under Rule 28, warranting dismissal. I agree, and would dismiss the appeal for noncompliance with Rule 28.